Aron Steuer, J.
This motion concerns the interest, if any, to be added to a judgment. The decision on the issues appears in 4 Mise 2d 364, and it is unnecessary to repeat what is therein stated. According to the formulae stipulated by counsel and the decision of the court the amount payable, exclusive of interest, came to $178,926.03 and this amount has been paid pursuant to a stipulation that while the payment stops the running of interest it is without prejudice to this application for interest.
*881 The action being on several policies of insurance it would follow that interest would begin to accrue from the date when the loss on the policies should have been paid. The policies fix this date as 60 days after the filing of proofs of loss. Such proofs were filed on March 10, 1955. Sixty days thereafter would be May 9, 1955.
Plaintiffs claim that the correct date would be February 1, 1955. This contention is based on the theory that no proof of loss was required to be filed and that consequently interest should begin to run as of the date of loss. As the loss was a cumulative one the date, February 1, is the result of a calculation of the average loss and the result is the median date.
The question is, therefore, what the policy provides, as this is what the parties agreed upon. It is not disputed that the policies provide that loss is payable 60 days after proof of loss. The basis of the claim is that the policy in addition defines what is to be contained in the proof of loss. At this point it should be borne in mind that the risk insured against was the loss due to interruption of business. The policy provisions headed “ Requirements in case loss occurs ” are appropriate for physical damage to the property. Undoubtedly, at the time this was a relatively new and not much used kind of insurance. The policy forms were adapted from the Standard Fire Insurance forms and the language is not always apt.
Under these circumstances the interpretation given by the parties is entitled to serious consideration. Plaintiffs, in their preliminary dealings with defendants after the fire were represented by experienced adjusters. At various times in their negotiations with defendants’ adjusters, they requested and received extensions of time to file their proofs of loss and when finally filed they did not appear to have experienced any embarrassment in submitting a claim which not only set out their contentions of the plaintiffs’ damage but was unexceptionable as to form, and as such accepted by the companies. Plaintiffs’ position is, however, not an afterthought. When proofs of loss were submitted their counsel attached a letter to the effect that the proofs were submitted to avoid any question and not because it was deemed that they were essential to obtain payment of the loss.
The conclusion is that the contract of the parties was as interpreted by them. A proof of loss was required, though all of the directions as to its contents were not essential to its validity. It would follow that the date for payment would be May 9, 1955 and interest from that date to the date of actual payment would be recoverable. Settle order accordingly.